IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JIMMY WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10-CV-951-WKW [WO] |
| | ) | |
| LITTON LOAN SERVICING, LP, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Under consideration are Plaintiff Jimmy Williams's Motion to Remand and accompanying brief (Docs. # 8-9), to which Defendant Litton Loan Servicing, LP ("Litton") responded (Doc. # 11), and Mr. Williams replied (Doc. # 12).  This case invites the weary traveler on another trek through the procedural and jurisdictional jungle of *Lowery v. Alabama Power Company*, 483 F.3d 1184 (11th Cir. 2007), blazing a trail to a clearing obscured by a tangle of footnotes, dicta, competing burdens of proof, and subsequent cases. The inchoate treasure to be found there is meager indeed, hardly an answer to one of life's most puzzling issues: the propriety of removal of a state court action for unspecified damages under paragraph two of 28 U.S.C. § 1446(b).  For the following reasons, Mr. Williams's Motion to Remand is due to be granted, but his motion for costs and attorney's fees is due to be denied.[1]

_____

[1] The Motion to Remand contains a motion for costs and attorney's fees, pursuant to 28 U.S.C. § 1447(c).

# I. BACKGROUND

Mr. Williams originally filed his complaint alleging state law claims on February 23, 2010, in the Circuit Court of Montgomery County, Alabama.  (Not. of Removal (Doc. # 1), Ex. 14.)  These claims arise from Litton's alleged misconduct in servicing Mr. Williams's mortgage on real property located in Montgomery, Alabama.  Mr. Williams's causes of action under Alabama law include failure to disclose certain fees and charges, negligent or wanton misrepresentation, breach of contract, intentional infliction of emotional distress, conversion, and conspiracy.  (Not. of Removal, Ex. 14.)  More important to this pending motion, Mr. Williams's complaint seeks compensatory and punitive damages "as a jury may award and [the Montgomery County Circuit Court] may deem just and proper."  (Not. of Removal, Ex. 14, at 9.)

On November 5, 2010, Litton filed its Notice of Removal pursuant to 28 U.S.C. § 1332(a), § 1441, and paragraph two of § 1446(b).  (Not. of Removal 1.)  The parties do not dispute that the case could not have been determined to be removable, in part, because Mr. Williams sought unspecified damages.  (Not. of Removal 2-3.)  Litton contends that this case became removable on November 4, 2010, when "counsel for [Mr. Williams] called [Litton's counsel] and conveyed a settlement offer of $100,000 cash, plus forgiveness of the plaintiff's entire mortgage debt."[2]  (Not. of Removal 3.)  After that phone conversation on November

---

[2] Litton contends that the value of the loan forgiveness was no less than $38,731.30 as of January 1, 2011.  (Doc. # 11, at 1.)

4, 2010, Litton's counsel sent a confirmatory e-mail to Mr. Williams's counsel, "I just wanted to confirm the terms of the settlement demand you made this afternoon – $100,000 cash, plus forgiveness of the debt in Williams. . . . Is this correct?"  (Not. of Removal, Ex. 4.)  Later that night, Mr. Williams's counsel called and left a voicemail for Litton's counsel (the "voicemail"), stating in pertinent part, "I got your e-mail today. . . . [Y]our e-mail that you sent on the demand we made, that is correct."[3]  (Not. of Removal, Ex. 5.)  Upon receipt of the voicemail the next morning, Litton's counsel fired off another e-mail stating, "I received your voicemail confirming the below settlement demand.  Thank you.  I'll pass that along to my client and we will let you know something."  (Not. of Removal, Ex. 7 (Litton's earlier confirmatory e-mail is the referenced "below settlement demand").)  Litton then filed its Notice of Removal with this court later that same afternoon.  (Not. of Removal 1.)

Litton included a variety of exhibits with its Notice of Removal to substantiate Mr. Williams's oral settlement offer and the removability of this case.   These exhibits are: an audio CD of the voicemail (Not. of Removal, Ex. 6); a transcript of the voicemail created by a court reporter (Not. of Removal, Ex. 5); an affidavit by Litton's counsel attesting to the settlement demand phone conversation (Not. of Removal, Ex. 3); Litton's November 4, 2010 confirmatory e-mail (Not. of Removal, Ex. 4); and Litton's November 5, 2010 second confirmatory e-mail (Not. of Removal, Ex. 7).

---

[3] Mr. Williams's counsel also referenced a settlement demand in *Horne v. Litton Loan Servicing, LP*, No. 2:10-cv-0952-MEF (M.D. Ala. filed Nov. 5, 2010).  The offer in *Horne*, though almost identical to the offer in this case, is immaterial to this decision.

3

The parties do not dispute that the initial pleading in this case sought unspecified damages. Diversity of citizenship is also not in dispute. Nor do the parties dispute that the settlement demand was made. The only issues raised are whether Litton's removal was procedurally proper under paragraph two of § 1446(b) and whether Litton has met its burden to establish the amount in controversy requirement.

## II. STANDARD OF REVIEW

### A.    Generally

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

### B.    Removal

When a case is removed on the basis of diversity jurisdiction, a successful removal requires a defendant to jump through both substantive and procedural hoops. As to the substantive hoop, where the complaint alleges unspecified damages, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. *See*

*Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).  "The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard.  Defendants may introduce their own affidavits, declarations, or other documentation – provided of course that removal is procedurally proper."  *Id.* at 755 (collecting cases).   However, under *Pretka*, a court may only engage in the substantive jurisdictional inquiry "if consideration of [that evidence] is procedurally proper[.]"  *Id.* at 756.

As to the procedural hoop, the removing party must satisfy the "how" and "when" dictates of 28 U.S.C. § 1446.  *Pretka*, 608 F.3d at 756.  Section 1446(a), which "answers the question of *how* removal is accomplished," *Lowery*, 483 F.3d at 1212, states that a removing defendant "shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal . . . ."  § 1446(a).

Section 1446(b) "answers the question of *when* an action is removable." *Lowery*, 483 F.3d at 1212.  It "governs the timeliness of removal in civil cases."  *Pretka*, 608 F.3d at 756. It is well established that "[t]he untimeliness of a removal is a procedural, instead of a jurisdictional, defect."  *In re Uniroyal Goodrich Tire Co.*, 104 F.3d 322, 324 (11th Cir. 1997); *accord Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1329 (11th Cir. 2010).  Section 1446(b) is divided into two paragraphs.  Under the first paragraph, a defendant may rely on

the *initial pleading*, filing a notice of removal "after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief . . . ." *Pretka*, 608 F.3d at 757. However, if the case was "not removable" or "could not have been determined to be removable" from the initial pleading, a defendant may later file, under paragraph two of § 1446(b), a notice of removal "'after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'" *Id.* at 757 (quoting § 1446(b)).

## C.   <u>Remand</u>

28 U.S.C. § 1447(c) provides, in relevant part:  "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  § 1447(c).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  *Id.*  As explained in *Lowery*, "§ 1447(c) distinguishes between motions to remand made within the first thirty days following removal, and challenges to subject matter jurisdiction brought after that time."  483 F.3d at 1213 n.64.  "Plaintiffs have only thirty days from the notice of removal to file a motion to remand challenging any procedural defects in the removal."  *Id.*  In other words, "[t]here is only a thirty-day window . . . for a plaintiff to challenge the propriety of the *removal* itself, whether that challenge be on the basis of a procedural defect or a lack of subject matter jurisdiction."  *Id.*

### III.  DISCUSSION

The parties do not dispute that this is a § 1446(b) paragraph two removal and that Mr. Williams's Motion to Remand was timely filed.  Rather, the issues presented by Mr. Williams's Motion to Remand are whether this case was properly removed according to the procedural requirements of § 1446(b) paragraph two and whether Litton has met its burden of establishing the amount in controversy.

Litton contends that Mr. Williams's oral settlement demand and voicemail, as well as the voicemail audio CD, voicemail transcript, affidavit, and confirmatory e-mails, constitute the "other paper" received by Defendant by which it first ascertained that this case was removable.  (Doc. # 11, at 10.)  Mr. Williams counters that his oral settlement demand and the exhibits created from that phone conversation do not meet the procedural requirements of § 1446(b) paragraph two.  (Mot. to Remand (Doc. # 9), at 1.)  Because Litton's removal was procedurally improper under paragraph two of § 1446(b), Mr. Williams's Motion to Remand is due to be granted.[4]

### A.   The Procedural Requirements for Removal Under Paragraph Two of § 1446(b)

Litton's exhibits attached to its Notice of Removal do not establish the timeliness of its removal under paragraph two of § 1446(b).  To reach this conclusion, an examination of the statutory requirements of § 1446(b) is required.

---

[4] Because the procedural inquiry is dispositive in this case, the court need not address the parties' arguments about the burden of proof necessary to prove the amount in controversy for removal cases.

Paragraph two of § 1446(b) states that a "notice of removal may be filed after *receipt* by the defendant, through service or otherwise, of a *copy* of . . . *other paper* . . . ."[5] § 1446(b) (emphasis added). *Lowery* has categorized this inquiry into three elements, "there *must* be (1) 'an amended pleading, motion, order or other paper,' which (2) the defendant *must* have received from the plaintiff (or from the court, if the document is an order) and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists." 483 F.3d at 1213 n.63 (emphasis added).[6] All three conditions must be present before § 1446(b)'s thirty-day removal clock starts ticking. The first two elements of the *Lowery* inquiry are dispositive of this case.

**B.  Whether Litton's Notice of Removal Included "Other Paper"**

The first issue is whether Mr. Williams's oral settlement demand made during a telephone conversation, and later confirmed in a voicemail and audio CD, constitutes "other paper."

"The statute requires that jurisdiction be established by 'an amended pleading, motion, order, or other paper.'" *Lowery*, 483 F.3d at 1212 n.62 (quoting § 1446(b)). "The first three items on this list are self-explanatory. What constitutes 'other paper,' however, has been developed judicially." *Lowery*, 483 F.3d at 1212 n.62. In *Lowery*, the Eleventh Circuit listed "numerous type of *documents* [that] have been held to qualify[:]" responses to requests for

---

[5] Neither party has argued that a pleading, motion, or order formed the basis for Litton's Notice of Removal.

[6] *Pretka*'s narrowing of *Lowery* is discussed *infra*.

admissions, settlement offers, interrogatory responses, deposition testimony, demand letters, and email estimating damages. *Id.* (emphasis added). The settlement offer cited in *Lowery* was a written settlement offer provided to the defendant by the plaintiff. *Addo v. Global Life & Accident Ins. Co.*, 230 F.3d 759, 761-62 (5th Cir. 2000).

Section 1446(b)'s use of the word "paper" strongly suggests, if not mandates, that the "other paper" should be a written document. Numerous courts are in accord. *See, e.g., Abbas v. Kienzler*, No. 10-CV-5100, 2010 WL 5441663, at *1 (E.D.N.Y. Dec. 23, 2010) ("[A]n oral [settlement] demand is not a pleading or other paper that meets the requisites of 28 U.S.C. § 1446(b)."); *State Farm Fire & Cas. Co. v. Valspar Corp.*, No. 09-5056, 2010 WL 3834331, at *7 (D.S.D. Sept. 24, 2010) ("Upon careful review of the extensive and often contradictory body of research on this issue, the court finds the plain language of the statute clearly requires some written document by the plaintiff . . . ."); *Molina v. Lexmark Int'l*, No. 08-04796, 2008 WL 4447678, at *17 (C.D. Cal. Sept. 30, 2008) ("[T]he court concludes that [the communications at issue], which appear to have been oral, do not constitute 'other paper' triggering [defendant's] obligation to remove."); *JHohman, LLC v. U.S. Sec. Assocs., Inc.*, 513 F. Supp. 2d 913, 919 (E.D. Mich. 2007) (agreeing with the "line of decisions holding that oral notice does not commence the 30-day period for removal under § 1446(b)") (collecting cases)); *Polk v. Sentry Ins.*, 129 F. Supp. 2d 975, 979 (S.D. Miss. 2000) (Section 1446(b) "clearly prescribes that the time for removal begins to run when the defendant receives the requisite *written* notice of facts, as opposed to oral and implied notifications,

which make the case removable"); *see also* 14C Charles Alan Wright & Arthur R. Miller,

*Federal Practice and Procedure* § 3731 (3d ed. 1998) ("Although the requisite notice of

removability may be communicated to defendants in either a formal or informal manner, the

communication should be in writing.").  Likewise, *Lowery* plainly states, "under § 1446(b),

in assessing the propriety of removal, the court considers the *document* received by the

defendant from the plaintiff – . . . [i.e.,] later received paper – and determines whether that

document and the notice of removal unambiguously establish federal jurisdiction." *Lowery*,

483 F.3d at 1213.

     Mr. Williams's oral settlement demand and the voicemail fail the "other paper"

requirement of § 1446(b), because they are plainly not written documents created by the

plaintiff.  Nor do these oral communications fit in the limited exceptions that satisfy the

"other paper" requirement as recognized by the Eleventh Circuit and other courts.  Limited

exceptions from the "other paper" writing requirement have been recognized for deposition

testimony and statements made in open court.  *See, e.g.*, *Peters v. Lincoln Elec. Co.*, 285 F.3d

456, 465-66 (6th Cir. 2002) (collecting cases); *see also Lowery*, 483 F.3d at 1212 n.62.

However, courts have distinguished these two types of communications from other oral

communications.  *See, e.g., State Farm Fire & Cas. Co.,* 2010 WL 3834331, at *7 (Oral

statements made at depositions or in open court "'have one key distinguishing feature in

common:  the oral notices were given in court proceedings and/or in the presence of the

presiding judge, thereby removing any proof problems regarding who said what at what

time,'" and "[i]t is highly likely the oral statements, made in court or during a deposition, were reduced to writing simultaneously by a court reporter, who is a neutral recorder of the statements."). The court also can envision another reason for the specific statutory language and its limited exceptions, to prevent earnest off-the-record oral settlement negotiations from transforming state court into a veritable launching pad for § 1446(b) paragraph two removals. Excepting oral settlement demands from the "paper" requirement of § 1446(b) could have the effect of chilling informal settlement negotiations.

While concerns about the proof of the settlement demand are not at issue, Litton has failed to persuade the court that the plain language of the statute permits this court to transform off-the-record oral communications into "other paper."  Absent precedent from the Eleventh Circuit or the Supreme Court, the court declines to dispense with the statutory requirement of "paper" based upon the written facts of this case.

**C.**     **Whether Any of the Remaining "Other Paper" Was Received From Plaintiff: The Receipt From the Plaintiff Rule**

Finding that Mr. Williams's oral settlement demand and voicemail do not constitute "other paper," the court turns to whether Litton's confirmatory e-mails, affidavit, and voicemail transcript satisfy § 1446(b)'s receipt from the plaintiff rule.

The issue initially requires mention of *Pretka*.  In *Pretka*, the Eleventh Circuit held that, as to removals based on the first paragraph of § 1446(b), no limitations exist as to the evidence a federal court may consider when the removal is timely.  In so holding, *Pretka*

11

rejected *Lowery*'s dicta that a removal under the first paragraph of § 1446(b) must be based on a document received from the plaintiff. *See* 608 F.3d at 768. Hence, under paragraph one of § 1446(b), "the evidence the defendant may use to establish the jurisdictional facts is not limited to that which it received from the plaintiff or the court." *Id.*

The Eleventh Circuit emphasized in *Pretka* that it was considering a removal under paragraph one of § 1446(b). *Id.* at 747. The procedure for when an action is removable under § 1446(b) paragraph two is not controlled by the decision in *Pretka*. Rather, "cases removed under the second paragraph of § 1446(b) are still governed by *Lowery*." *Jackson v. Litton Loan Servicing, LP*, No. 09-CV-1165, 2010 WL 3168117, at *4 (M.D. Ala. Aug. 10, 2010). Thus, in *Jackson*, the court concluded that "[u]ntil the Eleventh Circuit changes the rule set forth in *Lowery*, this Court will continue to apply it when considering a notice of removal under the second paragraph of § 1446(b)." *Id.* This court reaches the same conclusion.

Applying *Lowery*, under § 1446(b) paragraph two, "in assessing the propriety of removal, the court considers the document received *by the defendant from the plaintiff* – . . . [i.e.,] later received paper – and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." 483 F.3d at 1213 (emphasis added); *see also id.* at 1214 n.63 ("[T]he defendant must have received [the other paper] from the plaintiff.").

12

Here, Litton created each document memorializing the contents of counsel for Mr. Williams's oral settlement demand.  Litton generated the transcript of the voicemail left by Mr. Williams's attorney.  Also, the affidavit memorializing counsel for Mr. Williams's oral settlement demand is signed by Litton's counsel.  And, finally, the two e-mails, seeking confirmation of the terms of the settlement demand, were from Litton's counsel to Mr. Williams's counsel, and there is no evidence of a reply email from Plaintiff's counsel.

These documents, created by Litton's counsel, were not received from Mr. Williams. Rather, Litton itself has attempted to transform Mr. Williams's off-the-record oral statements into "other paper," having received no paper from Mr. Williams.   Litton has not demonstrated why allowing it to take the plaintiff's off-the-record oral statement and subsequently generate "other paper" would not violate *Lowery*'s "receipt from the plaintiff" rule.  *See* 483 F.3d at 1213.  Such a rule would create an end-run of *Lowery*'s holding requiring that the plaintiff provide the document.

Not all courts agree with this narrow construction of the statute, because it "create[s] an unfair rule wherein a defendant would be permitted to remove an action if a plaintiff made a written demand offer[,] but would be precluded from seeking removal when a plaintiff

makes [an oral] demand offer."[7]  *Lazo v. U.S. Airways, Inc.*, No. 08-80391, 2008 WL 3926430, at *5 (S.D. Fla. Aug. 21, 2008).  Such a rule might be unfair, but any such unfairness is, in this case, a product of the statutory text written by Congress, as applied by *Lowery*, the holdings of which stand as to § 1446 paragraph two removals.  "[T]here are several . . . bright line limitations on federal removal jurisdiction . . . that some might regard as arbitrary and unfair.  Such limitations, however, are an inevitable feature of a court system that strictly construes the right to remove."  *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).  Therefore,  Litton's e-mails, affidavit, and transcript of the voicemail do not satisfy the requirements of § 1446(b) paragraph two.

**D.**     **Whether Mr. Williams's Motion to Remand Can Be Considered "Other Paper"**

           **Received From Plaintiff**

           Litton also argues any defect in its Notice of Removal was cured by its receipt of Mr. Williams's Brief in Support of Motion to Remand in which he acknowledges making the oral settlement demand. (Doc. # 11, at 13-15 (citing Doc. # 9, at 1-4).)  Litton's argument fails because any amendment to its Notice of Removal is now untimely.

---

          [7] In *Lazo*, the district court found a defense counsel generated affidavit attesting to plaintiff's counsel's oral settlement demand of an amount "well into seven figures'" met the requirements of § 1446(b) paragraph two.  2008 WL 3926430, at *4.  The court declines to adopt that court's reasoning. The *Lazo* court found that because "[t]he information contained in the [affidavit] was provided by the plaintiff," the affidavit met the requirement that [the] document was "supplied by the plaintiff."  *Id.* at *5. In so holding, *Lazo* conflated *information* received from the plaintiff with *paper* received from the plaintiff.  This court declines to make such an inferential leap and instead adheres to the plain language of the statute and binding Eleventh Circuit precedent.  *See* § 1446(b) ("receipt by the defendant, through service or otherwise . . . [of] other paper"); *Lowery*, 483 F.3d at 1213 ("[I]n assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff – [i.e.] later received paper . . . .").

Generally, to conduct the § 1446(b) inquiry, "the district court has before it only the limited universe of evidence available when the motion to remand is filed." *Lowery*, 483 F.3d at 1214. However, "there are some exceptions to the rule that the court is limited to considering the removing documents." *Id.* at 1214 n.66. One such exception is that "a defendant may effectively amend a defective notice of removal upon receipt of additional evidence that supplements the earlier-filed notice." *Id.* In fact, the Eleventh Circuit specifically contemplated that "such a situation might arise where, after filing an insufficient notice of removal, but before remand is ordered, the defendant receives a paper from the plaintiff that would itself provide sufficient grounds for removal." *Id.* (citing *Cohn v. Petsmart*, 281 F.3d 837, 839-40 n.1 (9th Cir. 2002) (holding that defendant effectively amended its insufficient notice of removal by later alleging, in its opposition to remand, that the plaintiff had offered settlement for an amount greater than the jurisdictional amount)).

Litton argues that Mr. Williams's motion to remand brief constitutes "other paper" received from plaintiff after filing its notice of removal and that this brief is sufficient to cure its defective notice of removal. Litton's argument is unavailing. Amendment of a defective notice of removal for a procedural defect must be made within the thirty days allowed by § 1446(b). *See Beard v. Lehman Bros. Holdings*, 458 F. Supp. 2d 1314, 1321 (M.D. Ala. 2006) ("Within the thirty day period set forth in Section 1446(b), a party may freely amend a removal petition." (citing *N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir.

1982))).  Litton has not timely moved to amend its defective notice of removal.  In fact, Litton has not moved to amend its notice of removal at all.

Litton also would not be able to cure its notice of removal by leave to amend.  This is because outside the thirty day period provided by § 1446(b), a plaintiff may only amend defective allegations of jurisdiction pursuant to 28 U.S.C. § 1653.  Section 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  Litton is unable to resort to § 1653 because its notice of removal was untimely and thus procedurally defective under § 1446(b), not because the notice of removal contained a defective allegation of subject matter jurisdiction.  *Pretka*, 608 F.3d at 757 (§ 1446(b) "governs the timeliness of removal in civil cases."); *In re Uniroyal Goodrich Tire Co.*, 104 F.3d at 324 ("The untimeliness of a removal is a procedural, instead of a jurisdictional, defect.").  In fact, Litton acknowledged that any defect in its notice of removal was one of procedure, not a defective allegation of jurisdiction.  (Doc. # 11, at 13 (accusing Mr. Williams of attempting to hide behind 1446(b)'s "purported 'other paper' technicality").)  Thus, Litton's argument that Mr. Williams's Motion to Remand constitutes other paper received from the plaintiff is unavailing.

**E.    Whether Litton Should be Ordered to Pay Mr. Williams's Costs Under § 1447(c)**

The facts and basis for Litton's removal do not support an award of costs and attorney's fees to Mr. Williams under § 1447(c).

There is no automatic entitlement to an award of costs and attorney's fees under § 1447(c).  The clear language of the statute, which provides that the "order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal," § 1447(c), makes such an award discretionary.  The Supreme Court in *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), explained:

> [T]he standard for awarding fees should turn on the reasonableness of the removal.  Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied.  In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case.  For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees.  When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Id.* at 141 (internal citations omitted).

The "'appropriate test for awarding fees under § 1447(c)' is to balance deterring 'removals sought for the purpose of prolonging litigation and imposing costs on the other party,' and safeguarding defendants' statutory right 'to remove as a general matter, when the statutory criteria are satisfied.'"  *Bujanowski v. Kocontes*, 359 F. App'x 112, 113-14 (11th Cir. 2009) (quoting *Martin*, 546 U.S. at 140).  First, it is undisputed that the parties were diverse and Mr. Williams has not denied that the oral settlement demand was for an amount exceeding the amount in controversy requirement.  Had this case been filed in federal court originally with such a damages demand, this court would undoubtedly have had original

jurisdiction under § 1332(a).  *See Lost Mountain Homeowner's Ass'n v. Rice*, 248 F. App'x 114, 115 (11th Cir. 2007) ("Pursuant to 28 U.S.C. § 1441, a defendant has reasonable grounds to remove a civil action originally filed in a state court to the federal district court when the district court has original jurisdiction to hear the case.  Original jurisdiction requires diversity of the parties.").  In addition, Litton's removal made a good faith argument to extend the judicially crafted definition of "other paper" into the realm of off-the-record oral communications, *cf. Lowery*, 483 F.3d at 1212 n.62, as at least one court has done.  *See Lazo*, 2008 WL 3926430, at *5.  Finally, the basis for objectively reasonable debate about the meaning of § 1446(b) and *Lowery* is ultimately confirmed by the amount of ink that has been spilled by other courts in interpreting *Lowery*'s effect on § 1446(b) paragraph two removals.  *See, e.g., Pretka*, 608 F.3d at 752-68 (dedicating at least sixteen pages to discussing the holding and dicta of *Lowery* and its import in the statutory removal scheme).

Finally, the court declines to find that Litton's removal was a dilatory tactic.  Litton immediately executed removal upon receipt of Mr. Williams's oral settlement demand for an amount nearly double the amount in controversy requirement.  That removal may have occurred ten days before trial in state court (Mot. to Remand Br. 9), but that alone is insufficient to show that Litton's purpose in removing the case was to prolong the litigation.

Accordingly, Mr. Williams's motion for costs and attorney's fees pursuant to § 1447(c) is due to be denied.

18

## IV.  ORDER

Accordingly it is ORDERED that Plaintiff's Motion to Remand is GRANTED (Doc.
# 8), and that this case is REMANDED to the Circuit Court of Montgomery County,
Alabama, pursuant to § 1447(c).

It is further ORDERED that Plaintiff's Motion for Costs and Attorney's Fees is
DENIED.

The Clerk of the Court is DIRECTED to take appropriate steps to effectuate the
remand.

DONE this 15th day of February, 2011.

/s/ W.  Keith Watkins
UNITED STATES DISTRICT JUDGE

19